UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


PATRICK YOUNG,

                Petitioner,

v.                              Case No. 5:02-cv-97-Oc-10GRJ

JAMES V. CROSBY, JR.,[1] et al.,

                Respondents.
_____

## ORDER DISMISSING THE PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Respondents have filed a response to the Petition and this case is ripe for review.

## Conviction and Sentence

On February 10, 1996, Petitioner was charged by information in Marion County with two counts attempted first degree murder, one count burglary of a building while armed, two counts shooting into or at a conveyance, one count shooting into or at a building, and two counts aggravated assault with a firearm. Of those counts, one count of shooting into or at a conveyance, and the two aggravated assault counts were severed.  In addition, the State nol prosed one count of

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, James V. Crosby, Jr., is hereby substituted for Michael Moore as the Secretary of the Florida Department of Corrections.

attempted first degree murder and the burglary count.

Petitioner pled not guilty to the remaining counts and the case went to trial on May 15, 1997.  On May 16, 1997, the jury returned a verdict of guilty on the lesser included offense of attempted second degree murder with a firearm.  Moreover, the jury found Petitioner guilty as charged on the count of shooting at or into a dwelling and shooting into or at a conveyance.  On July, 20, 1997, Petitioner was sentenced to thirty years as a habitual felony offender.

Petitioner timely filed a notice of appeal with the Fifth District Court of Appeal on August 18, 1997.  Petitioners' conviction and sentence were per curiam affirmed on September 1, 1998.  Mandate issued September 18, 1998.

On September 2, 1999, Petitioner filed a motion for post conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure.[2]  The trial court denied Petitioner's Rule 3.850 motion on January 4, 2000.[3]  On March 15, 2001, more than a year later, Petitioner filed a Notice of Appeal/Belated Appeal.  In that notice, Petitioner argued that he should be granted a belated appeal because he did not receive a copy of the Order denying his Rule 3.850 motion until February 28, 2001, and only after filing an inquiry with the Clerk.  Petitioners' notice of appeal was

_____

[2] For purposes of this Order, the Court will give Petitioner the benefit of the mailbox rule by finding that Petitioner's state and federal court filings were filed on the date they were signed and/or handed to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

[3] There appears to be some discrepancy as to the date on which Petitioner's Rule 3.850 Motion was actually denied.  Although the denial Order is dated December 17, 1999, Petitioner was informed by the Clerk of Court for Marion County that the Order was entered on January 4, 2000.  See Appendix (Doc. 6) at Ex. F & H.  Accordingly, giving Petitioner every benefit of doubt, the Court will use January 4, 2000, as the date the motion was denied.

2

denied because it was not sworn.  Petitioner filed a second Notice of Appeal/Belated Appeal on April 12, 2001, making the same argument.  That appeal was dismissed as untimely on April 23, 2001.  Finally, Petitioner filed a third Notice of Appeal/Belated Appeal on May 18, 2001.  This time, Petitioner's notice was apparently construed as a motion for belated appeal and the matter remanded to a commissioner for factual findings.  On November 15, 2001, after an evidentiary hearing, the commissioner found that  Petitioner's motion should be granted and the Court of Appeals granted Petitioner a belated appeal of the denial of his Rule 3.850 motion.  On February 19, 2002, the Court of Appeals per curiam affirmed the denial of Petitioner's Rule 3.850 motion.  A motion for rehearing was denied on February 28, 2002, and mandate issued on March 8, 2002.  Petitioner filed the instant case on March 26, 2002.

## Timeliness of Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 was amended by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[4]  Therefore, absent any state court post conviction proceeding that would have tolled the federal limitation period,[5] a Petitioner who's conviction and sentence became final after the effective date of

---

[4] See 28 U.S.C. § 2244(d)(1).

[5] 28 U.S.C. § 2244(d)(2).

AEPDA, has one-year from the date the conviction and sentence became final to file a federal habeas petition.  28 U.S.C. § 2244(d).

The record shows that Petitioner's conviction and sentence were affirmed on appeal on September 1, 1998.  Adding an additional ninety (90) days for filing a petition for writ of certiorari,[6] Petitioner's conviction became final on December 1, 1998.[7] Therefore, absent any state court post conviction proceeding that would have tolled the federal limitation period,[8] Petitioner had until December 2, 1999, to timely file his federal habeas petition.

Petitioner filed a Rule 3.850 post-conviction motion on September 2, 1999. At that point, 274 days of the one-year limitation period had expired.  Petitioners' one-year limitation period was then tolled until January 4, 2000, the date on which Petitioner's Rule 3.850 motion was denied.

Petitioner did not file any further state court pleadings until March 15, 2001.[9] At that time, an additional 434 days of the one-year limitation expired for a total of 708 days.  Therefore, any subsequent filings, even those that were properly filed,

---

[6] See Nix v. Sec. for the Dept. of Corr., 393 F.3d 1235 (11th Cir. 2004); Bond v. Moore, 309 F.3d 770 (11th Cir. 2002); Kaufmann v. United States, 282 F.3d 1336 (11th Cir. 2002); Jackson v. Sec. for the Dept. of Corr., 292 F.3d 1347, 1348-49 (11th Cir. 2002).

[7] Supreme Court Rule 13.3 states in pertinent part that "[t]he time to file a petition for writ of certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[8] 28 U.S.C. § 2244(d)(2).

[9] Again, giving Petitioner every benefit of doubt, the Court will assume for purposes of this Order, that Petitioner's first Notice of Appeal/Belated Appeal was "properly filed."

could not toll the one-year limitations period because there was nothing left to toll.[10] Accordingly, Petitioner's federal habeas petition filed on March 26, 2002, is clearly untimely.

## Equitable Tolling

However, Petitioner argues that because he did not receive a copy of the Order denying his Rule 3.850 motion until February 28, 2001, the time period between December 17, 1999, and March 15, 2001, should be equitably tolled. The Respondents contend that Petitioner has failed to meet the requirements for equitable tolling and that the Petition should be dismissed as time-barred.

In rare circumstances, the one-year time period of § 2241(d)(1) may be equitably tolled.[11] Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."[12] This means that the Petitioner must show that the untimeliness of his petition was "both beyond his control and unavoidable even with due diligence."[13] Moreover, equitable tolling applies "only in truly extraordinary circumstances."[14]

Here, the Court is of the opinion that Petitioner has not shown that he is

---

[10] See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

[11] Diaz v. Sec. for the Dept. Of Corr., 362 F.3d 698, 700 (11th Cir. 2004) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2003)).

[12] Id at 700-701 (quoting Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted).

[13] Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003).

[14] Id.

entitled to this extraordinary relief.  Even if Petitioner did not immediately receive a copy of the denial of his Rule 3.850, Petitioner waited more than one-year before inquiring with the trial court as to the status of his case.  Therefore, the Court does not believe that Petitioner acted with due diligence.

Moreover, the Court is unpersuaded by Petitioner's argument that this Court should find that he is entitled to equitable tolling because the State appellate court granted his request for belated appeal.  First, the Court agrees that Petitioner made diligent efforts to obtain belated review of his Rule 3.850 Motion, <u>after</u> finding out that the motion had been denied.  However, it is the time period between the denial of his Rule 3.850 motion, and the Petitioner's discovery of its denial, that this Court must consider.  And, as the Court has already found, Petitioner was not diligent during that time period.

Second, contrary to Petitioner's assertion that the state court granted his belated appeal on the ground that Petitioner had made diligent efforts during the relevant time period, a review of the state court's order tells a different story.[15]  After conducting an evidentiary hearing on whether Petitioner ever received a copy of the Order denying his Rule 3.850 motion, the state court concluded that the State could not provide sufficient evidence to contradict Petitioner's assertion.  Therefore, the state court granted Petitioner belated review.   The state court made no determination as to Petitioner's diligence.  Thus, Petitioner is not entitled to equitable

---

[15] Appendix (Doc. 6) at Ex H.

tolling and this case is due to be dismissed as untimely.

## **Conclusion**

For the reasons set forth in this Order, the Petition is **DISMISSED with prejudice** as time-barred.  The clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 4th day of May 2005.


_____
UNITED STATES DISTRICT JUDGE

c:   Patrick A. Young
     Counsel of Record

7